IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KATE BRAVERMAN,**

        **Plaintiff,**

vs.                                                                                                                                No. CIV 11-015 MV

**THE STATE OF NEW MEXICO,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on pro se Plaintiff Kate Braverman's *Ex Parte Application for Preliminary Injunction (Emergency) in 42 U.S.C. § 1983 Action by Plaintiff Against the State of New Mexico*, filed January 6, 2010 (Doc. 2). In both her motion for injunctive relief and her Complaint, Braverman seeks an order (i) requiring the Honorable Sara Singleton, who is the presiding state-court judge in Braverman's divorce proceedings brought in New Mexico's First Judicial District Court, to place Braverman back in full control of investments that Judge Singleton ordered to be placed in a separate investment account that is not under Braverman's sole control during the pendency of the divorce proceedings and until the judge can make a ruling on whether Braverman's estranged husband, Alan H. Goldstein, is entitled to receive any of that money in the divorce, *see* Complaint at 4-5; *id.*, Ex. B (November 3, 2010 Order ordering creation of a second account from which to pay Goldstein's interim monthly support payments as a sanction for Braverman's failure to comply with a temporary order of support); (ii) to reconsider all orders Judge Singleton has issued about which Braverman complains in her federal Complaint, *see* Complaint at 5, 8; *id.* Ex. A, B, C; (iii) to issue an order directing Judge Singleton to issue a restraining order against Goldstein, *see* Doc. 2 at 3; Complaint Ex. C at 4 (December 22, 2010 state-court order

directing a special master to address Braverman's motion for protective order against Goldstein); and (iv) to quash Judge Singleton's October 6, 2010 order that allows Goldstein, his attorney, and a neutral law enforcement officer to enter Braverman's current residence for the purpose of preparing an inventory and taking pictures of the property and assets located there, *see* Complaint at 4; *id.*, Ex. A. The Court will dismiss this action for lack of subject-matter jurisdiction.

## ANALYSIS

Braverman initiated divorce proceedings against Goldstein in state court in 2009. *See* Complaint at 2. The proceedings are ongoing, with hearings set for March 2011. *See id.*, Ex. C at 3. Judge Singleton has issued several orders and has appointed a special master to assist with the resolution of this case.

Braverman brings her federal suit under 42 U.S.C. § 1983 against the State of New Mexico and seeks monetary and injunctive relief. *See* Complaint at 4, 8. The State, however, has sovereign immunity against any action under § 1983, whether it is for monetary or injunctive relief. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (noting that, "[a]bsent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court . . . regardless of the relief sought," which includes injunctive relief) (internal quotation marks omitted). "The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Id.* at 145 (quotation marks omitted). And Congress did not abrogate the states' Eleventh-Amendment immunity when it enacted § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Because Braverman's suit is against the State, and the suit is barred by Eleventh-Amendment immunity, this Court does not have subject-matter jurisdiction over the suit and it must be dismissed.

*See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (affirming dismissal of § 1983 suit against state for lack of subject-matter jurisdiction); *Helmick v. Utah Valley State College*, No. 09-4139, 2010 WL 3446854, *2 (10th Cir. Sept. 2, 2010) ("'Under Fed.R.Civ.P. 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.' . . . In this circuit, 'an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court.' *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Accordingly, when the district court determined [plaintiff's] claims were barred by the Eleventh Amendment, it should have dismissed them pursuant to Fed.R.Civ.P. 12(h)(3).").

Even if the Court liberally construed Braverman's Complaint as one against state officials, Braverman cannot sue Judge Singleton, who has jurisdiction over the divorce proceedings, because Judge Singleton has absolute judicial immunity. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("'Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction.' *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir.1981) (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)). A judge does not act in the clear absence of all jurisdiction even if 'the action he took was in error, was done maliciously, or was in excess of his authority.' *Stump*, 435 U.S. at 356-57, 98 S. Ct. 1099. Moreover, '[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.' *Id*. at 359, 98 S. Ct. 1099.").

Further, this Court is precluded from interfering with the state-court proceedings under the abstention doctrine articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971).

> For *Younger* abstention to be appropriate, three elements must be present: (1) interference with an ongoing state judicial proceeding; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state court proceedings to raise the federal claims.

*Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1178 (10th Cir. 2001).

In *Elk Grove Unified School District v. Newdow*, 542 U.S. 1 (2004), the Supreme Court noted that,

> [t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States. . . . [W]hile rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts.

*Id.* at 12-13 (internal quotation marks and citations omitted); *see Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife . . . .") (quotation marks and bracket omitted). The New Mexico state-court proceedings offer Braverman an adequate opportunity to litigate any federal constitutional issues that may arise. All elements of the abstention doctrine are met here. When all of the elements mandating abstention clearly exist in the record, courts may address application of the *Younger* abstention doctrine *sua sponte*. *See Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 (1976).

"*Younger* abstention is not discretionary once the [three] conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989) (citation omitted). Thus, when a case is controlled by *Younger* abstention principles, the district court must "abstain and [] dismiss [the federal plaintiff's] case without prejudice." *Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (determining *sua sponte* that abstention and dismissal were required, vacating the district court's judgment that denied injunctive and declaratory relief on the merits, and remanding for issuance of an order of dismissal). The Court concludes that, even if Braverman's Complaint were against state officials instead of the State, the Court would

have to abstain from hearing the case and dismiss the action.

In addition, 28 U.S.C. § 2283, the federal Anti-Injunction Act ["AIA"], "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act," *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977), none of which apply here. *See Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) (noting that "the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts"). "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately to the [Supreme] Court [of the United States]." *Id.* Braverman's remedy is to appeal from the orders that she contends are unconstitutional to the state appellate courts after a final order has been entered.

**IT IS ORDERED** that Braverman's action against the State is dismissed without prejudice for lack of subject-matter jurisdiction.

**DATED** this 7th day of January, 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**